Wendolyn BRANCHE, Petitioner-Appellant,

v.

Harold J. CARDWELL, Warden, Ohio State Penitentiary, Respondent-Appellee.

No. 71–1909.

United States Court of Appeals, Sixth Circuit.

May 23, 1972.

**304**

James D. London, Cleveland, Ohio, on brief for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, on brief for respondent-appellee.

Before EDWARDS, PECK and McCREE, Circuit Judges.

PER CURIAM.

This is an appeal from denial of a petition for habeas corpus entered in the United States District Court for the Northern District of Ohio, Eastern Division. Appellant's contention before this court is that statements which were made by him to police officers in the aftermath of the shooting involved in this case were involuntary because he had not been warned of his Constitutional rights, and hence, that his state court conviction should be set aside.

The murder in this case took place January 22, 1964, at a time when the Supreme Court had not enunciated the warning requirements contained in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The killing occurred at a time when appellant, as a customer, got into an argument with the proprietor of a hamburger stand over how his hamburger was to be cooked. The proprietor apparently declined to take his somewhat detailed instructions, and after some words, came over the counter after him, subsequently receiving a bullet in his chest, which killed him. Bystanders took down the license number of the automobile which appellant was driving at the time and appellant shortly thereafter was arrested by the police in this car, wherein a gun and some cartridges were also seized. Within a very short time after the commission of the crime, appellant made an exculpatory statement in the nature of a self-defense plea.

At trial of this case appellant's sole defense was that of self-defense, and he offered the written statement which had been taken from him as an exhibit in support of his plea of self-defense.

 The voluntariness of appellant's statements to the police must be judged not on the standards imposed prospectively by Miranda v. Arizona, *supra*, but by the standards of Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962), and Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966). Judged on these standards, we find no basis for reversal of the judgment of the District Court.

The judgment of the District Court is affirmed.